IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BENJAMIN JEFFS : 
    Plaintiff, :
: CIVIL ACTION
    v. :
: NO.: 17-198
WORLD MONUMENTS FUND, INC., et al. :
:
    Defendants. :

Jones, II    J.

October 25, 2017

**MEMORADUM**

Defendant World Monuments Fund, Inc. is a non-profit New York corporation that has its principal place of business in New York City. Defendants Lisa Ackerman and Joshua David are the Executive Vice President and President of WMF, respectively. Ackerman recruited and hired Plaintiff, a citizen and then resident of the United Kingdom, to work in WMF's New York office. Plaintiff moved to Pennsylvania for the position and commuted to WMF's New York office daily. Defendant WMF terminated Plaintiff's employment after only one year, allegedly in contravention of the guaranteed term of employment promised in Plaintiff's employment contract. As a result thereof, Plaintiff commenced the instant action alleging violations of state labor laws, breach of contract, and fraud. Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendants moved to dismiss each count of the Amended Complaint for lack of personal jurisdiction. For the reasons that follow, Defendants' Motion is **GRANTED**, and this case is **DISMISSED**.

**BACKGROUND**

In support of their Motion, Defendants present affidavits attesting to their limited contacts with Pennsylvania. (Declaration of Joshua David, March 22, 2017; Declaration of Lisa Ackerman, March 23, 2017.) Plaintiff submits an affidavit in opposition to Defendants' Motion, but does not challenge the veracity of the statements Defendants proffer. (Declaration of Benjamin Jeffs, May 19, 2017.) As such, the Court deems the jurisdictional facts in this case largely undisputed.

Plaintiff Benjamin Jeffs is a citizen and former resident of the United Kingdom currently residing in Philadelphia, Pennsylvania. (Am. Compl. ¶ 1.) Defendant World Monuments Fund, Inc. ("WMF") is a non-profit New York corporation with its principal place of business in New York City. (Am. Compl. ¶ 2.) At all times material, both Defendant David, the President of WMF, and Defendant Ackerman, the Executive Vice President of WMF, worked and resided in New York. (Am. Compl. ¶¶ 2, 4; David Decl. ¶¶ 2, 3; Ackerman Decl. ¶¶ 2, 3.)

Through several Skype and telephonic conversations from October of 2014 through March of 2015, Plaintiff and Defendant Ackerman negotiated the terms of a potential full-time position at Defendant WMF. (Jeffs Decl. ¶ 1.) All throughout this negotiation period, Plaintiff resided in the United Kingdom and Defendant Ackerman was based out of Defendant WMF's office in New York. (Ackerman Decl. ¶ 13.) Plaintiff requested that the position guarantee an initial three-year term of employment, as recompense for the expense and effort of relocating from the United Kingdom to the United States. (Am. Compl. ¶ 13.) Negotiations continued and in March of 2015, Plaintiff received an official offer of employment from Defendant WMF, addressed to Plaintiff's residence in the United Kingdom. (Am. Compl. ¶ 10; Employment Offer Letter, March 1, 2015, 1.) The offer stated that the position would be based out of New York

and required that Plaintiff be present in WMF's New York office Monday through Friday of each work week. (Offer Letter, 1.)

Despite Plaintiff's earlier request, the offer included a two-year initial term of employment, not three. (Am. Compl. ¶ 14.) Plaintiff contacted Defendant Ackerman about the discrepancy, and Defendant Ackerman responded that she thought the proffered term was two and one half years, and if not, she would send a "definitive employment letter" reflecting the correct term. (Am. Compl. ¶¶ 15-16.) Allegedly relying on this representation, Plaintiff accepted the position at Defendant WMF, moved to Philadelphia, and began working out of Defendant WMF's New York office on June 1, 2015. (Am. Compl. ¶¶ 6, 18, 21.) A year later, Defendant David informed Plaintiff that his employment with Defendant WMF was terminated. (David Decl. ¶ 8.) An official letter to that effect was mailed to Plaintiff's Philadelphia residence. (Am. Compl. ¶ 24.)

Plaintiff resided in Pennsylvania throughout the entire course of his employment. (Am. Compl. ¶ 6.) Plaintiff was occasionally allowed to work from home, and on about six occasions, Plaintiff conducted meetings in Pennsylvania on Defendant WMF's behalf. (Am. Compl. ¶ 6; Jeffs Decl. ¶¶ 6-10.) On balance, Plaintiff spent 190 days—74% of his employment—working in New York and the equivalent of 20 full time days—8% of his employment—working from home in Pennsylvania. (Ackerman Decl. ¶¶ 17, 19-20.)

During the course of Plaintiff's employment, Defendant WMF had one active project in Pennsylvania—the New Hope project—out of seventy total active projects worldwide. (Ackerman Decl. ¶¶ 25, 29.) Defendant Ackerman traveled to Pennsylvania twice in 2015 on WMF business, not at all in 2016, and communicated with faculty at the University of Pennsylvania a few times each year to maintain personal contacts therewith. (Ackerman Decl.

3

¶¶ 30-32.) Defendant David has not traveled to Pennsylvania since his employment with WMF began in 2015. (David Decl. ¶ 5.)

Based on all of the foregoing, Defendants timely filed a Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). Upon consideration of said Motion, Plaintiff's Response in opposition thereto, Defendants' Reply, and the record before us, this Court finds the exercise of personal jurisdiction improper here. Defendants' Motion is granted, and Plaintiff's case is dismissed.

**STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a claim for lack of personal jurisdiction. Once a defendant has raised this jurisdictional defense, the burden shifts to the plaintiff to present a prima facie case establishing jurisdiction over the non-resident defendant in the forum. Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002); see also Miller Yacht Sales, Inc., v. Smith, 384 F.3d 93, 97 (3d Cir. 2004) ("[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction."). A plaintiff has the burden to show, "with reasonable particularity," enough contact between the defendant and the forum to support the exercise of personal jurisdiction by the forum state. Mellon Bank v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992) (internal citations omitted); see also Action Mfg. Co. v. Simon Wrecking Co., 375 F. Supp. 2d 411, 418 (E.D. Pa. 2005) ("In order to establish a prima facie case, the plaintiff must present specific facts that would allow the court to exercise jurisdiction over the defendant.") (emphasis in original).

In determining the existence of personal jurisdiction, courts "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." Pinker, 292

4

F.3d at 368. Once the plaintiff's "allegations are contradicted by an opposing affidavit . . . [he or she] must present similar evidence in support of personal jurisdiction." In re Chocolate Confectionary Antitrust Litig., 602 F. Supp. 2d 538, 556 (M.D. Pa. 2009). To counter opposing affidavits, "[p]laintiffs may not repose upon their pleadings in this manner. Rather, they must counter defendant['s] affidavits with contrary evidence in support of purposeful availment jurisdiction." Id. at 559. To that end, "[t]he plaintiff must respond to the defendant's motion with 'actual proofs'; 'affidavits which parrot and do no more than restate [the] plaintiff's allegations . . . do not end the inquiry.'" Lionti v. Dipna, Inc., Civ. No. 17-1678, 2017 U.S. Dist. LEXIS 98956, at *3-4 (E.D. Pa. June 27, 2017) (quoting Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 66, n.9 (3d Cir. 1984); see also Lehigh Gas Wholesale, LLC v. LAP Petro., LLC, Civ. No. 14-5536, 2015 U.S. Dist. LEXIS 36569, at *5 (E.D. Pa. Mar. 23, 2015) ("Plaintiff carries the burden to prove personal jurisdiction using 'affidavits or other competent evidence.'") (quoting Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009)); In re Chocolate Confectionary, 602 F. Supp. 2d at 556-57 (a plaintiff must present contrary evidence in the form of "actual proofs[.]").

**DISCUSSION**

Personal jurisdiction may be general or specific. To establish personal jurisdiction over a defendant, a court must first apply the relevant state long-arm statute to determine if it may exercise personal jurisdiction; then, the court must determine if that jurisdiction violates the Due Process Clause of the Constitution. IMO Indus. v. Kiekert AG, 155 F.3d 254, 258-59 (3d Cir. 1998). Pennsylvania's long-arm statute provides that a court may exercise personal jurisdiction over a non-resident "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the

5

Constitution of the United States." 42 Pa. Cons. Stat. § 5322(b) (2017). The Due Process Clause of the 14th Amendment requires a court to ask, "whether 'the quality and nature of the *defendant's* activity is such that it is reasonable and fair to require [that it] conduct [its] defense in that state.'" Time Share, 735 F.2d at 63 (internal citations omitted) (emphasis in original). General jurisdiction exists when a foreign party maintains "continuous and systematic" contacts with a state and may be sued in that state on any claim, whereas specific jurisdiction exists when a plaintiff's suit is related to or arises out of a defendant's contacts with the state. Reassure Am. Life Ins. Co. v. Midwest Res., Ltd., 721 F. Supp. 2d 346, 353 (E.D. Pa. 2010) (internal citations omitted).

Plaintiff fails to establish that Defendants' contacts with this forum, alone or in the aggregate, are sufficient to support general or specific jurisdiction consistent with constitutional due process. Plaintiff contends that Defendant WMF is subject to general jurisdiction in the state of Pennsylvania and that all Defendants are subject to specific jurisdiction in this forum. (Pl.'s Br. 7-8, 10-15.) For the reasons that follow, this Court disagrees with both contentions.

This Court cannot exercise general jurisdiction over Defendant WMF. Pennsylvania is neither WMF's place of incorporation nor its principal place of business, and nothing in the record supports a finding that WMF's "affiliations with the state are so 'continuous and systematic' as to render [it] essentially at home" in this forum. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). Defendant WMF's arguably continuous contact with the Commonwealth through its Pennsylvania-based New Hope project represents only 1.4% of WMF's active projects worldwide and is thus hardly systematic enough to support the exercise of general jurisdiction in this case. (Ackerman Decl. ¶ 29.) See Goodyear, 564 U.S. at 927 ("A corporation's continuous activity of some sorts within a state…is not enough to

6

support the demand that the corporation be amendable to suits unrelated to that activity.") (internal citations omitted); McCann v. Sandals Resorts Int'l, Ltd., No. 14-2208, 2015 U.S. Dist. LEXIS 16962, at *12-13 (E.D. Pa. Feb. 11, 2015) (finding no personal jurisdiction over defendant where its contacts with Pennsylvania constituted only part of its worldwide activities). Defendant Ackerman's correspondences with employees of the University of Pennsylvania are personal and wholly unrelated to the work she does in her professional capacity. (Ackerman Decl. ¶ 32). See generally, D'Jamoos v. Pilatus Aircraft Ltd., 566 F.3d 94, 108 (3d Cir. 2009) ("[F]or a plaintiff to defeat a motion to dismiss for lack of personal jurisdiction when the plaintiff relies on agency theory, it need only make a prima facie showing of the connection between the actions of the agent and the principal.") (internal quotations omitted). And the six isolated meetings Plaintiff conducted stateside on Defendant WMF's behalf are insufficient to support the exercise of jurisdiction over disputes not arising therefrom.

The exercise of specific jurisdiction is also improper given the facts of this case. "A court may exercise specific jurisdiction over a defendant when the claims arise from the defendant's contacts with the forum and 'the relationship among the defendant, the cause of action, and the forum falls within the minimum contacts' framework.'" Grainer v. Smallboard, Inc., No. 16-4866, 2017 U.S. Dist. LEXIS 25934, at *3 (E.D. Pa. Feb. 23, 2017) (quoting Mellon Bank PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1221 (3d Cir. 1992)). For this Court to exercise specific jurisdiction over Defendants, there must have been "some act by which [Defendants] purposely avail[ed] [themselves] of the privilege of conducting business within [Pennsylvania]." Mellon Bank, 960 F.2d at 1221. The record is simply bereft of facts that would support such a finding.

Plaintiff's employment contract was negotiated and executed outside of Pennsylvania while Plaintiff resided in the United Kingdom. (Ackerman Decl. ¶ 13.) See Gizinski v. Mission Mobility, LLC, No.16-00589, 2017 U.S. Dist. LEXIS 37098, at *8 (M.D. Pa. Mar. 15, 2017) (finding no jurisdiction where defendant hired plaintiff while plaintiff resided outside of the forum state). Plaintiff was neither instructed nor required to live in Pennsylvania as a condition of his employment. Jaipaul v. Pilant Corp., No. 07-4031, 2008 U.S. Dist. LEXIS 53915, *1, *13-14 (E.D. Pa. July 14, 2008) (finding no personal jurisdiction over foreign employer where plaintiff voluntarily worked from home in Pennsylvania); Connell v. CIMC Intermodal Equip., No. 16-714, 2016 U.S. Dist. LEXIS 166256, at *7-8 (M.D. Pa. Dec. 2, 2016) (finding no jurisdiction over foreign employer for employment discrimination where plaintiff voluntarily telecommuted from Pennsylvania). Though Plaintiff attended a handful of meetings on Defendant WMF's behalf, nothing in the record indicates that Plaintiff was required to solicit business in Pennsylvania as a condition of his employment. Cf. Touzot v. ROM Dev. Corp., No. 15-6289 (JLL), 2015 U.S. Dist. LEXIS 140343, at *21 (D.N.J. Oct. 15, 2015) (exercising jurisdiction over foreign employer where plaintiff was allowed "to work from home" as an "accommodation" *and* the employer expected plaintiff to solicit business in the forum). And Ackerman's allegedly fraudulent statements regarding Plaintiff's term of employment were made in New York and transmitted to the United Kingdom, not Pennsylvania. (Ackerman Decl. ¶ 8.) Cf. Vizant Techs., LLC v. Whitchurch, 97 F. Supp. 3d 618, 637 (E.D. Pa. 2015) (finding specific jurisdiction over the plaintiff's fraud claim where fraudulent statements were sent into Pennsylvania).

Without more, that Plaintiff lives and occasionally worked in Pennsylvania is insufficient to meet the threshold minimum contacts. See Jaipaul v. Pilant Corp., No. 07-4031, 2008 U.S.

Dist. LEXIS 53915, at *13 (E.D. Pa. July 14, 2008) ("[T]hat the Plaintiff happens to live in [Pennsylvania], and has the base of her operations there, is accidental for jurisdictional purposes."); See <u>Farber v. Tenant Truck Lines, Inc.</u>, 84 F. Supp. 3d 421, 432 (E.D. Pa. 2015) (finding no personal jurisdiction over a multi-state corporation where some of its employees lived and worked in Pennsylvania). "A court cannot automatically infer that a defendant expressly aimed its tortious conduct at the forum state from the fact that the defendant knew that the plaintiff resided in the forum." <u>Jaipaul</u>, 2008 U.S. Dist. LEXIS 53915 at *13 (citing <u>Walburn v. Rovema Packaging Machs., L.P.</u>, No. 07-3692 2008 U.S. Dist. LEXIS 24369, *1, *22 (D.N.J. Mar. 28, 2008)). Based on the facts presently before this Court, Plaintiff's residence within the Commonwealth was merely a fortuitous circumstance insufficient to confer jurisdiction over Defendants to this Court. See <u>Reassure Am. Life Ins. Co. v. Midwest Res., Ltd.</u>, 721 F. Supp. 2d 346, 353 (E.D. Pa. 2010) ("[The minimum contacts] standard ensures that a defendant will not be h[au]led into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts….") (internal citations omitted).

Even if this Court were to find Defendants' limited contacts with Pennsylvania sufficient for a finding of personal jurisdiction, the exercise thereof would "offend traditional notions of fair play and substantial justice." <u>D'Jamoos</u>, 566 F.3d at 102. "The relationship between the defendant and the forum must be such that it is reasonable…to require the corporation to defend the particular suit which is brought there." <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 292 (1980) (quoting <u>Int'l Shoe Co. v. Wash.</u>, 326 U.S. 310, 317 (1945)) (internal

quotations omitted). The determination of reasonableness is generally premised on consideration of several factors[1], all of which militate against the exercise of personal jurisdiction here. If this Court were to exercise jurisdiction over Defendants, Defendants would be required to litigate in a forum in which they have no meaningful presence. See Wortham v. KarstadtQuelle AG (In re Nazi Era Cases Against German Defendants Litig.), 320 F. Supp. 2d 204, 229 (D.N.J. 2004) (finding it significantly burdensome to require foreign defendants to litigate in the forum state where defendants had no meaningful presence in the state). The majority of evidence relevant to each of Plaintiff's claims most likely exists in New York. See Id. at 230-31 (finding that neither the plaintiff's interest nor the interstate judicial system's interest outweighed the defendant's burden where plaintiff failed to identify any evidence more convenient to the forum state). And as Defendants neither directed their alleged tortious conduct at Pennsylvania, nor meaningfully availed themselves of the benefits of Pennsylvania laws, it cannot be reasonably said that this forum has a significant interest in adjudicating Plaintiff's claims. See Penco Prods. v. WEC Mfg., LLC, 974 F. Supp. 2d 740, 749 (E.D. Pa. 2013) ("A state has an interest in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors who purposefully derive benefit by voluntarily contracting with an in-state actor"). It would therefore be entirely unreasonable to exercise jurisdiction over Defendants in this forum given the record presently before the Court.

---

[1] These factors are: "'the burden on the defendant,' 'the forum State's interest in adjudicating the dispute,' 'the plaintiff's interest in obtaining convenient and effective relief,' 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies,' and the 'shared interest of the several States in furthering fundamental substantive social policies.'" Reassure, 721 F. Supp. 2d at 356 (citations omitted).

**CONCLUSION**

For the reasons set forth above, Defendants' Rule 12(b)(2) Motion to Dismiss is granted. Plaintiff's case is dismissed with prejudice.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II
C. Darnell Jones, II    J.